UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PABLO A. LARA and LINA
ROSA BATISTA,

    Plaintiffs,

v.                                     Case No. 8:19-cv-2798-60SPF

PAULA MOGHRABY, et al.,

    Defendants.
_____/

**ORDER DENYING (IN PART) AND DEFERRING RULING (IN PART) ON "PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION"**

This matter is before the Court on "Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction" (Doc. # 6), filed by *pro se* Plaintiffs Pablo A. Lara and Lina Rosa Batista on December 2, 2019. After reviewing the motion, court file, and the record, the Court finds as follows:

**BACKGROUND**

Plaintiffs are "two low income, retired, senior citizens both bordering [on] 70 years of age," residing at Cedar Forest Apartments. According to Plaintiffs, in mid-November, they received a notice that their lease was not being renewed. Plaintiffs appear to argue that the non-renewal of the lease is retaliation for their activism in defending their rights and the rights of other tenants at the apartment complex. Plaintiffs request a temporary restraining order and preliminary injunction enjoining Defendants (specifically, Cedar Forest Apartments) "from taking any action against

plaintiff (their eviction from the apartment they reside at the housing complex, as long as plaintiffs/tenants keep timely paying their rent (and following all other legal obligations as tenants), pending entry by the Court of a final judgment in this action."

## LEGAL STANDARD

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); Local Rule 4.05. The movant bears the burden of establishing entitlement to a TRO and must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

Where the movant requests issuance of a TRO without notice to the adverse party, the district court must first determine whether the movant has shown adequate justification for such *ex parte* relief before addressing whether the movant has met the four-pronged test. *See Emerging Vision, Inc. v. Glachman*, No. 9:10-cv-80734-KLR, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, No. 10-cv-80734-KLR, 2010 WL 3293351 (S.D. Fla. Aug. 11, 2010). Accordingly, Rule 65 of the Federal Rules of Civil Procedure permits a district court to issue a no-notice TRO only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B). A no-notice TRO "is an extreme remedy to be used only with the utmost caution." *Levine v. Camcoa, Ltd.,* 70 F.3d 1191, 1194 (11th Cir. 1995).

## ANALYSIS

Initially, the Court finds that the TRO motion is procedurally insufficient. Both the Federal Rules of Civil Procedure and Local Rules require that a proposed order be submitted with a TRO motion. *See* Fed. R. Civ. P. 65(b), (d); M.D. Fla. L. R. 4.05(b)(3)(iii). However, Plaintiffs have not submitted a proposed order. Second, the Court may only issue a TRO if the movant gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. *See* Fed. R. Civ. P. 65(c); *Williamson v. Bank of America, N.A.*, No. 1:12-cv-01829-JEC-RGV, 2012 WL 12883933, at *2 (N.D. Ga. May 29, 2012). However, Plaintiffs have not tendered or offered to tender any amount as security for a TRO. Consequently, the TRO motion is due to be denied.

Moreover, without undertaking substantial and unnecessary analysis, the Court further finds that Plaintiffs have failed to establish entitlement to a no-notice TRO. Although Plaintiffs indicate an intent to serve Defendants with a copy of the TRO motion, they do not detail any efforts made to give notice to Defendants prior to the filing of the motion, nor do they assert any specific facts that clearly show they will suffer immediate and irreparable injury, loss, or damage before Defendants can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A)–(B). In light of these deficiencies, the Court is not able to address Plaintiffs' allegations without input from Defendants and

is unwilling to permit use of such an extreme remedy. Because Plaintiffs have failed to meet the high burden for the issuance of a TRO, their motion must be denied.

The Court will **defer ruling** on the portion of the motion seeking a preliminary injunction until such time that Defendants may be heard in opposition.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiffs' motion for a temporary restraining order is hereby **DENIED**.

2. The Court will **DEFER RULING** on Plaintiffs' motion for a preliminary injunction until such time that Defendants may be heard in opposition.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of December, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**