UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PABLO A. LARA and
LINA ROSA BATISTA,

        Plaintiffs,

v.                                            Case No. 8:19-cv-2798-T-60SPF

PAULA MOGHRABY, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs seek to proceed in this action *in forma pauperis* (Docs. 2, 3). The Court, upon a finding of indigency, may authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915. After reviewing the affidavit of indigency to determine the economic status of the litigant, the Court must review the case and dismiss it *sua sponte* if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Here, Plaintiffs' Applications to Proceed in District Court without Prepaying Fees or Costs (Docs. 2, 3), construed as Motions for Leave to Proceed *In Forma Pauperis*, demonstrate that Plaintiffs are indigent. Next, the Court determines whether the action is

frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such suit. While the Court holds complaints in pro se actions to less stringent pleading standards, pro se plaintiffs remain subject to the same law and rules of court as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiffs allege violations of the following constitutional or federal rights: the Federal Low Income Housing Tax Credit Program, 26 U.S.C. § 42; the Fourth Amendment constitutional right to privacy; the First Amendment constitutional right to freedom of association; Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"). Plaintiffs allege, in pertinent part, that Defendants have refused to offer Plaintiffs a lease renewal due to Plaintiff Pablo A. Lara's intention to organize a tenants' association. A review of the allegations, however, reveal Plaintiffs have failed to state a claim upon which relief can be granted.

The Federal Low Income Housing Tax Credit Program, 26 U.S.C. § 42, is a federal program administered by state housing agencies that provides tax credits to developers of low-income housing. *See* 26 U.S.C. § 42. "In order to receive tax credits, housing developments must enter into long-term commitments to offer low-income housing to qualified persons." *Mendoza v. Frenchman Hill Apartments Ltd. P'ship*, No. CV-03-494-RHW, 2005 WL 6581642, at *3 (E.D. Wash. Jan. 20, 2005). The Federal Low Income Housing Tax Credit Program, however, does not provide a private right of action. *Id.* at *7; *Kozich v. Deibert*, No. 15-61386-CIV-DIMITROULEAS, 2015 WL 12533077, at *3

(S.D. Fla. Oct. 20, 2015); *DeHarder Inv. Corp. v. Indiana Hous. Fin. Auth.*, 909 F. Supp. 606, 616 (S.D. Ind. 1995); *Canton Club E. Partners Ltd. Divided Hous. Ass'n Ltd. P'ship v. Michigan State Hous. Dev. Auth.*, No. 1:15-CV-505, 2015 WL 7783590, at *3 (W.D. Mich. Dec. 3, 2015).

Plaintiffs also assert a violation of their Fourth Amendment constitutional right to privacy alleging that tenants were alerted to the landlord's intention to enter apartments, with or without consent and with or without the tenant's presence, for an "Aqua Mizer Installation" from October 21, 2019 through October 25, 2109, and to conduct an annual "State audit" (Doc. 1 at 7).  In addition, Plaintiffs assert a violation of their First Amendment constitutional right to freedom of association.  Specifically, Plaintiffs claim that one of the reasons given for denying Plaintiffs' lease renewal was Plaintiff Pablo Lara's intention to organize a tenants' association (Doc. 1 at 7).  While Plaintiffs have failed to adequately allege the mechanism by which they seek to enforce their constitutional rights, Plaintiffs are presumably pursuing these claims via Section 1983.  Section 1983 creates a remedy for those denied "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  It does not create substantive rights, but "merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

To the extent applicable, the relevant portion of Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges,

or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A plaintiff alleges an actionable Section 1983 claim if his complaint includes facts showing that his constitutional or federal rights were violated and that the violation was committed by a person acting under color of state law. *See Touchston v. McDermott*, 234 F.3d 1133, 1137 (11th Cir. 2000). Here, Plaintiffs have not sufficiently alleged the constitutional violations themselves. For example, Plaintiffs have not established that their landlord is not entitled to enter their apartments pursuant to their leases for the cited purposes.[1] Moreover, "[a] person acts under color of state law when he acts with authority possessed by virtue of his employment with the state," *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001), or when he "makes clear that he was asserting the authority granted him and not acting in the role of a private person." *Williams v. United States*, 341 U.S. 97, 100 (1951). Plaintiffs have not alleged that Defendants were acting under color of state law. As such, Plaintiffs have failed to adequately allege claims for First and Fourth Amendment constitutional violations.

As for Plaintiffs' ADA claim, Section 12132 of Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiffs allege that Defendants violated the ADA when the tow-truck company employed by

---

[1] In the complaint, Plaintiffs cite to several attachments, including a lease renewal denial letter. None of the attachments, however, have been made part of the record by Plaintiffs.

Defendants towed a car of one of the Plaintiffs,[2] bearing a disabled permit, for being parked several inches out of the disabled parking spot (Doc. 1 at 8). Plaintiffs, however, have not only failed to allege facts regarding the denial of participation in any service, program, or activity conducted by Defendants, but they have also failed to assert any facts to support the correlation between any such denial and a particular disability. Plaintiffs, therefore, fail to state a claim under Title II.

The FHA, enacted as Title VIII of the Civil Rights Act of 1968, originally barred discrimination in housing on the basis of race, color, religion, or national origin. *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 (11th Cir. 2008). Congress added gender as a protected class in 1974. *Id.* Congress then amended the FHA in 1988 to prohibit discrimination based on a "handicap" or familial status. *Id.* (citing Fair Housing Amendments Act of 1988 ("FHAA"), Pub. L. No. 100–430, 102 Stat. 1619 (1988)). Plaintiffs have failed to allege any facts regarding discrimination based on race, color, religion, national origin, gender, handicap, or familial status. As such, Plaintiffs fail to state a claim under the FHA.

Based on the complaint's shortcomings, the Court directed Plaintiffs to amend their complaint to cure the current deficiencies and gave Plaintiffs a deadline of **January 3, 2020** to file an amended complaint (Doc. 8). The Court further advised Plaintiffs that failure to timely file an amended complaint would result in a recommendation of dismissal (Doc. 8). As of the date of this Order, Plaintiffs have failed to file an amended complaint.

---

[2] It is unclear from the complaint which Plaintiff (or both) was subject to each of the wrongdoings alleged therein.

Accordingly, it is hereby

**RECOMMENDED**:

(1) Plaintiffs' construed Motions for Leave to Proceed *In Forma Pauperis* (Docs. 2, 3) be denied.

(2) Plaintiffs' complaint (Doc. 1) be dismissed.

**IT IS SO REPORTED** in Tampa, Florida, on January 6, 2020.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc:   Hon. Thomas P. Barber
      Plaintiffs, *pro se*